UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RHEA L.,

             Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

CASE NO. 2:24-CV-870-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Supplemental Security Income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

**I. BACKGROUND**

Plaintiff applied for SSI on June 12, 2020, alleging disability beginning the same day. Administrative Record (AR) 27. Her requested hearing was held before an Administrative Law

1  Judge (ALJ) on September 29, 2022. AR 49–81. On November 7, 2022, the ALJ issued a written
2  decision finding Plaintiff not disabled. AR 24–47. The Appeals Council declined Plaintiff's
3  request for review, making the ALJ's decision the final agency action subject to judicial review.
4  *See* AR 18–23; *see also* AR 1–5 (Commissioner extending time to file civil action). On June 24,
5  2024, Plaintiff filed a Complaint in this Court seeking review of the ALJ's decision. Dkt. 5.

**II.   STANDARD**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**III.   DISCUSSION**

In her opening brief, Plaintiff argues the ALJ failed to properly assess certain parts of her subjective testimony; the medical opinion of Robert Blaine, MD; and the lay witness statements of her roommate. *See generally* Dkt. 9.

**A.   Subjective Symptom Testimony**

Plaintiff contends the ALJ did not properly assess her subjective testimony about her physical symptoms stemming from her fibromyalgia. *Id.* at 2–9. Plaintiff testified that, because of her fibromyalgia, she could not stand for more than a few minutes at a time, could sit for fifteen or twenty minutes at a time, could walk no further than about twenty yards without needing to stop, and sometimes had shoulder pain preventing her from reaching. *See* AR 60–63, 292, 296.

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. AR 36. The ALJ was therefore required to give specific, clear, and convincing

1  reasons for discounting Plaintiff's testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15

2  (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). In so doing, "[t]he

3  ALJ must state specifically which symptom testimony is not credible and which facts in the

4  record lead to that conclusion." *Smolen*, 80 F.3d at 1284. Defendant argues the ALJ met this

5  standard by finding Plaintiff's allegations inconsistent with (1) objective medical evidence, (2)

6  prior inconsistent statements, (3) her course of treatment, (4) activities of daily living, and (5)

7  state administrative findings. *See* Dkt. 13.

<u>Objective Medical Evidence</u>. The found Plaintiff's physical allegations inconsistent with the objective medical evidence because:

> there does not appear to be a longitudinal history of noted tender points on physical examinations, despite reports at the consultative examination that they were diagnosed prior to the alleged onset date in May 2020 [AR 583–87]. […] A physical examination at that time reflects fourteen out of eighteen tender points [AR 583–87]. However, it also reflects normal gait and station without an assistive device, normal joints, intact sensation in all four extremities, normal tandem walk, normal single leg stand bilaterally, and 5/5 strength throughout, including bilateral grip strength [AR 583–87]. Nevertheless, treatment records from August 2020 also describe normal gait and station, nontender extremities, normal range of motion, normal muscle strength and tone, intact deep tendon reflexes, and intact sensation [AR 650–98].

AR 36–37.

The lack of longitudinal examinations corroborating Plaintiff's subjective complaints was a valid consideration, but it is insufficient by itself to justify an adverse credibility determination. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("[A]n ALJ cannot insist on clear medical evidence to support each part of a claimant's subjective pain testimony.").

     The normal physical examinations cited by the ALJ are not, by themselves, inconsistent with testimony alleging pain due to fibromyalgia. "[T]hose suffering from [fibromyalgia] have 'muscle strength, sensory functions, and reflexes that are normal,'" and "'[t]heir joints appear normal, and further musculoskeletal examination indicates no objective swelling.'" *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (quoting *Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001) (Ferguson, J., dissenting)). The ALJ erred by failing to explain why such evidence was inconsistent with Plaintiff's testimony. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o satisfy the substantial evidence standard, the ALJ must . . . explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.") (emphasis in original).

     This does not mean, as Commissioner contends, that objective medical evidence is irrelevant when a claimant testifies to fibromyalgia-induced pain or that the ALJ is "bound" by Plaintiff's testimony. *See* Dkt. 13 at 7. Rather, it means the ALJ must consider the evidence "in light of fibromyalgia's unique symptoms and diagnostic methods." *Revels*, 874 F.3d at 662. Here, without further explanation, the ALJ failed to do so.

     <u>Inconsistent Statements</u>. The ALJ noted Plaintiff indicated at a consultative examination she had been diagnosed with fibromyalgia in May 2020, but the record did not show as much. *See* AR 36. This does represent an inconsistent statement because the record includes all medical evidence for the twelve-month period prior to Plaintiff's June 2020 filing date. *See* 20 C.F.R. § 404.1512(b) ("[W]e will develop your complete medical history for at least the 12 months preceding the month in which you file your application . . . ."). An ALJ can consider "prior inconsistent statements" in rejecting a claimant's testimony. *Smolen*, 80 F.3d at 1284. But a single inconsistent statement is not adequate to support the decision. *See Schow v. Astrue*, 272

Fed. App'x 647, 652–53 (9th Cir. 2008) (unpublished) (unreported earnings were "proper for consideration, but hardly compel[led] the adverse credibility finding").

Treatment. Commissioner argues the ALJ discounted Plaintiff's testimony because her treatment was effective and conservative. Dkt. 13 at 9. To the extent the ALJ found it was effective, this was not supported by substantial evidence. Commissioner cites to only one treatment note related to Plaintiff's physical symptoms (AR 36) stating Plaintiff managed her symptoms with dietary supplements (AR 585). But Plaintiff complained of fibromyalgia-related pain at the same visit. See id. That she managed her symptoms does not mean they were effectively controlled, and the ALJ made no findings suggesting they were. See AR 36; see also Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]ome improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

To the extent the ALJ found Plaintiff's treatment was conservative, the ALJ erred by failing to inquire as to why Plaintiff did not seek further treatment for her conditions. See SSR 16-3p (ALJs may not discount symptom testimony on basis of failure to pursue further treatment "without considering possible reasons he or she may not comply with treatment"); Eitner v. Saul, 835 Fed. App'x 932, 933 (9th Cir. 2021) (unpublished) (finding ALJ failed to consider possible reasons a claimant failed to seek treatment where "the ALJ asked Claimant whether he had received any specific treatment for the condition, but the inquiry ended there").

Activities of Daily Living. The ALJ mentioned that Plaintiff could perform a "wide variety of daily activities" but erred by failing to describe which activities she could perform and how those activities were inconsistent with her testimony. See AR 38; Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (ALJ must "set forth the reasoning behind [his] decision[] in a

way that allows for meaningful review"); *Ferguson*, 95 F.4th at 1203 ("[T]he ALJ did not explain how, in his view, Ferguson's testimony about those daily activities is inconsistent with his testimony about the severity and frequency of his headaches. And we see no reasonable inference that such an inconsistency exists.").

<u>Prior Administrative Findings</u>. Although the ALJ described some of the prior administrative findings (AR 38–39), he did not rely upon such an inconsistency in discounting Plaintiff's testimony and the Court therefore cannot affirm on this basis. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("[W]e are constrained to review the reasons the ALJ asserts.").

<u>Harmless Error</u>. The Court has found the ALJ properly considered the lack of corroborating evidence and one inconsistent statement in discounting Plaintiff's testimony, but that the remaining reasons defended by Commissioner were legally erroneous or not supported by substantial evidence. The ALJ's errors with respect to the remaining reasons are harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

As discussed, neither the lack of corroborating evidence nor the single inconsistent statement alone justify a valid adverse determination with respect to Plaintiff's subjective symptom testimony. *See Burch*, 400 F.3d at 681; *Schow*, 272 Fed. App'x at 652–53. The Court finds the two reasons, in combination, did not constitute a proper rationale for rejecting Plaintiff's subjective testimony. *See Schow*, 272 Fed. App'x at 652–53 (finding unreported earnings, "some normal findings," and notation of "inconsistencies on examination" insufficient to justify adverse credibility determination); *cf. also id.* ("[G]iven the number of unsubstantiated

reasons for the adverse credibility determination, we must conclude that the ALJ arbitrarily discredited Schow's testimony."). As a result, the ALJ did not properly assess Plaintiff's subjective testimony about her physical symptoms stemming from her fibromyalgia, and this error was not harmless.

**B.      Medical Opinion of Dr. Blaine**

Consulting Examiner Dr. Blaine opined in November 2020 that Plaintiff "could stand or walk for six hours in an eight-hour day with reasonable rest breaks limited by various joint pain. She could lift and carry 5 lbs frequently and 25 lbs infrequently limited by shoulder pain. She could sit for eight hours with reasonable rest breaks." AR 586. The ALJ found this opinion persuasive:

> [I]t is generally consistent with and supported by the evidence of record. As for consistency, the treatment records do not generally reflect ongoing positive tender points on physical examinations during the period at issue. Rather, it appears that the only physical examination of record that was positive for tender points was the consultative examination itself. As for supportability, the consultative examination itself was otherwise generally devoid of significant clinical abnormalities to support greater physical functional limitations, as it also describes normal gait and station, normal single leg stand bilaterally, intact sensation in all four extremities, and full strength throughout, including bilateral grip strength.

AR 39.

The RFC, however, found Plaintiff capable of performing light work without further limitations related to her lifting and carrying abilities. *See* AR 35. This conflicts with Dr. Blaine's opinion because light work requires lifting and carrying up to 10 pounds frequently, while Dr. Blaine found Plaintiff could only lift and carry up to 5 pounds frequently. *See* 20 C.F.R. § 404.1567(b); SSR 83-10. After finding Dr. Blaine's opinion persuasive, the ALJ was required to explain why this portion of the opinion was not adopted. *See* SSR 96-8p ("If the RFC

assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Commissioner contends "the ALJ acknowledged and rejected Dr. Blaine's lifting limitations" when the ALJ determined the limitation "lacked supportability because [Dr. Blaine's] examination report was 'generally devoid of significant clinical abnormalities to support greater physical functional limitations' than described in the RFC." Dkt. 13 at 15–16 (quoting AR 39). The Court disagrees. The ALJ found Dr. Blaine's opinion "persuasive" because it was "consistent with and supported by the evidence of record." *See* AR 39. The ALJ's statement that the consultative examination was "devoid of significant clinical abnormalities" supported that opinion. *See id.* There was no indication the ALJ rejected any part of the statement. *See id.*

In sum, the ALJ failed to give adequate reasons for rejecting Dr. Blaine's lifting limitation. Consequently, the RFC was based on an incomplete hypothetical question, and the Court must reverse. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Stramol-Spirz v. Saul,* 848 Fed. App'x. 715, 718 (9th Cir. 2021) (unpublished).

C.  **Lay Witness Statement**

Plaintiff's roommate submitted function reports in July 2020 and September 2022 describing Plaintiff's difficulties with getting dressed and completing household activities due to her pain. *See* AR 312–14, 448–49. The ALJ was required to provide germane reasons for rejecting these statements. *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ indicated Plaintiff's roommate's statement was "inconsistent with the objective medical evidence of record." AR 40. The ALJ did not elaborate on how the statement was

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 8

inconsistent with the objective medical evidence, and the Court has already found the ALJ's discussion of that evidence elsewhere in the opinion erroneous.

Commissioner argues the ALJ was not required to consider the statements under the new regulations governing the evaluation of medical opinion evidence. Dkt. 13 at 13–14. The Court disagrees. The new regulations did not remove the requirement that an ALJ consider lay witness statements. *See, e.g.*, 20 C.F.R. § 404.1545(a)(3) ("We will also consider descriptions and observations of your limitations from your impairment(s) . . . by you, your family, neighbors, friends, or other persons."); 20 C.F.R. § 404.1529(a) ("We will consider any description your . . . nonmedical sources may provide . . . ."); SSR 96-8p ("The RFC assessment must be based on all of the relevant evidence in the case record, such as: . . . lay evidence[.]"). That requirement is the genesis of the germane reasons standard. *See Dodrill*, 12 F.3d at 919–20 ("Disregard of this evidence violates the Secretary's regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work.") (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).

Contrary to Commissioner's contention that the new regulations contain "express language that ALJs have no obligation to articulate their reasons for rejecting nonmedical evidence" (Dkt. 15 at 14, citing 20 C.F.R. § 416.920c(d)), the new regulations specify only that they are inapplicable to non-medical source statements and do not state anything about how an ALJ is required to evaluate such statements. *See* 20 C.F.R. § 416.920c(d) ("We are not required to articulate how we considered evidence from nonmedical sources *using the requirements . . . in this section*.") (emphasis added). For the same reason, the Court disagrees with Commissioner's argument that "the revised regulations distinguish between evidence that the ALJs 'consider' and evidence that the ALJs consider and then 'articulate' their assessment of that evidence" (Dkt. 13

at 13, citing 20 C.F.R. § 416.920c(d)). Moreover, the Court is not persuaded that there is a meaningful distinction between evidence that must be considered and evidence that ALJs must discuss in their opinions. The ALJ must explain his decision in a manner that allows for "meaningful review." *Brown-Hunter*, 806 F.3d at 492. The Court "must consider whether the decision was based on a consideration of the relevant factors." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971); *see also Marsh v. Ore. Nat. Res. Council*, 490 U.S. 360, 377–78 (1989) (applying *Overton Park* to resolution of factual questions). Because the Court reviews only the reasons asserted by the ALJ, *see Connett*, 340 F.3d 874, it is difficult to see how the Court can determine whether the ALJ's decision considered lay witness evidence—and did not discredit it arbitrarily—if the ALJ does not provide reasons germane to that evidence in his decision.

The ALJ failed to give proper reasons for rejecting the lay witness statements and, because they suggest limitations beyond those found in the RFC, this was harmful error. *See Carmickle*, 533 F.3d at 1160.

## IV.   CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 30th day of December, 2024.

David W. Christel
United States Magistrate Judge